IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ERICA YOUNG | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | NO. |
| | : | |
| WAL-MART STORES EAST, LP | : | JURY TRIAL DEMANDED |
| Defendant | : | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") is represented by undersigned counsel in this matter. Wal-Mart files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) to remove this action from the Court of Common Pleas of Philadelphia County, August Term, 2014, No. 1130, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Wal-Mart avers as follows:

1. On August 11, 2014, Plaintiff filed a Complaint in the Court of Common Pleas for Philadelphia County, August Term, 2014, No. 1130.

2. The Court of Common Pleas for Philadelphia County is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3. Wal-Mart filed preliminary objections to the Complaint and, on September 9, 2014, Plaintiff filed an Amended Complaint[1], a true and correct copy of which is attached hereto as Exhibit "A".

4. Plaintiff alleges that she is an adult individual who resides at 3850 Woodhaven Road, Unit #706, Philadelphia, Pennsylvania. See Exhibit "A".

---

[1] Wal-Mart filed preliminary objections to the Amended Complaint, which objections were overruled pursuant to Court Order dated October 7, 2014.

5.      Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas. Its sole limited partner, Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Arkansas. Neither Wal-Mart Stores East, LP, nor its limited partner, Wal-Mart Stores, Inc. reside or are citizens of the Commonwealth of Pennsylvania.

6.      Plaintiff's Amended Complaint contains allegations of negligence arising out of alleged injuries sustained in a "slip, stumble and fall" on a slippery substance in a Wal-Mart Store located at One Franklin Mills Boulevard, Philadelphia, Pennsylvania, that being Wal-Mart Store #2650. See Exhibit "A".

7.      In her Amended Complaint, Plaintiff claims she sustained permanent physical injuries to her "left ankle, chest, arms, decreased strength and reduced range of motion of left ankle; total body disability; shock and injury to her nerves, emotional and nervous system . . . together with various other injuries, the exact extent of which are unknown at this time as she continues to consult with specialists to determine the exact extent of the injury and any required treatment."[2] Id. at ¶ 7.

8.      Plaintiff allegedly has and will continue to suffer great pain, "expend or incur diverse expenses for medicine and medical attention", and be hindered from engaging in usual and daily duties, occupations, pleasures and activities. Id. at ¶ 8.

9.      She alleges there have already been and there may in the future be "other financial expenses or losses". Id. at ¶ 9.

---

[2] Wal-Mart's Preliminary Objections concerned the insufficient specificity in paragraph seven of the Amended Complaint and Plaintiff's failure to conform to Pa. R.C.P. 1019(a), which requires that the pleading set forth in concise and summary form the material facts on which a cause of action is based. Wal-Mart's Preliminary Objections to the Amended Complaint were overruled.

10. Wal-Mart filed its Answer to Plaintiff's Amended Complaint with New Matter in which Wal-Mart averred in paragraph 23 that Plaintiff's damages were not in excess of $75,000. A true and correct copy of Wal-Mart's Answer with New Matter is attached hereto as Exhibit "B".

11. Plaintiff filed her Reply to New Matter, attached hereto as Exhibit "C", on October 28, 2014, wherein she denied the allegations in Wal-Mart's New Matter, including the averment concerning the value of damages. See Exhibit "C".

12. Federal jurisprudence on the issue of removal permits a plaintiff to voluntarily limit her claim for damages to avoid removal. See Lee v. Walmart, Inc., 237 F. Supp. 2d 577 (E.D. Pa. 2002) (refusal to stipulate may be considered evidence that the amount in controversy exceeds the jurisdictional limit); Johnson v. Costco Wholesale, 1999 WL 740690 (E.D. Pa. Sept. 22, 1999) (refusal to stipulate is an attempt to avoid removal statutes for tactical reasons).

13. On October 29, 2014, Wal-Mart inquired as to whether Plaintiff was agreeable to stipulating to limit her damages to avoid removal to federal court.

14. Wal-Mart also provided Plaintiff's counsel with a proposed Stipulation to Limit and advised that if Plaintiff's counsel did not provide a partially-executed stipulation by November 7, 2014, it would be defense counsel's understanding that Plaintiff is unwilling to stipulate to limit damages.

15. On November 4, 2014, Plaintiff's counsel advised that Plaintiff was unwilling to stipulate to limit damages and that Plaintiff's counsel would move for remand and attorney's fees because Plaintiff's initial pleading was served more than 30 days ago.

16. Wal-Mart does not seek removal pursuant to 28 U.S.C.S. § 1446(b)(1); rather, Wal-Mart files this Notice of Removal pursuant to 28 U.S.C.S. §§ 1446(b)(3), (c).

17. Where a case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ." 28 U.S.C. § 1446(b)(3). See also, § 1446(c)(3)(A).

18. This Notice of Removal is filed within 30 days of notice that Plaintiff denies that her claims are limited to $75,000. See Alston v. Wal-Mart Stores East, LP, 2012 WL 4321973 (E.D. Pa. Sept. 20, 2012); Howard v. Wal-Mart Supercenter, 2009 WL 4362856 (E.D. Pa. Nov. 30, 2009).

19. Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

20. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

21. As stated, Wal-Mart is not a citizen or resident of Pennsylvania, the state in which the action was initiated.

22. Wal-Mart has a good faith belief, and therefore submits, that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

23. As described herein, Plaintiff denies in a pleading that the damages are less than $75,000.

24.     On October 29, 2014, Wal-Mart's counsel sent correspondence to Plaintiff's counsel noting that Plaintiff denied that her damages were limited to $75,000 and that based on this denial, Wal-Mart had the right to remove this action to federal court pursuant to diversity jurisdiction.

25.     Plaintiff's counsel responded on behalf of his client, refusing to stipulate to limit damages to avoid removal.

26.     On November 12, 2014, defense counsel received Plaintiff's Case Management Conference Memorandum, a true and correct copy of which is attached hereto as Exhibit "D".

27.     Therein, Plaintiff states that her most serious injuries include "left ankle sprain with intrasheath peroneal subluxation; costondritis; fractured sternum", the latter two being permanent injuries. See Exhibit "D".

28.     Plaintiff also represented that she has been treating since the date of incident, which is more than two (2) years ago, and that treatment is continuing. Id.

29.     Based on the foregoing, including Plaintiff's denial that damages are less than $75,000, Plaintiff's allegations of permanent injury, her representations that treatment has spanned more than years and is ongoing, and Plaintiff's refusal to execute a stipulation that damages are less than $75,000, the preponderance of the evidence establishes that the matter in controversy is in excess of $75,000 exclusive of interest and costs.

30.     Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and the within matter is properly removable.

31.     This Notice of Removal is timely as it is being filed within thirty days of receipt of Plaintiff's Reply to New Matter expressly denying that her damages are limited to an amount not in excess of $75,000.

WHEREFORE, Defendant Wal-Mart Stores East, LP respectfully requests that the State Action be removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

**MCDONNELL & ASSOCIATES, PC**

Date: 11/20/2014

/s/ Marc R. Kamin
Patrick J. McDonnell, Esquire,
Attorney I.D. No. PA62310
pmcdonnell@mcda-law.com
Marc R. Kamin, Esquire
Attorney I.D. No. PA307464
mkamin@mcda-law.com
860 1st Avenue, Suite 5B
King of Prussia, PA  19406
(T) 610.337.2087 (F) 610.337.2575
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICA YOUNG<br>　　　　　Plaintiff | CIVIL ACTION - LAW |
| v. | NO. |
| WAL-MART STORES EAST, LP<br>　　　　　Defendant | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Marc R. Kamin, Esquire hereby certify that a true and correct copy of Defendant's Notice of Removal was caused to be filed and that said Notice of Removal was served via U.S. First Class Mail, postage pre-paid, and via facsimile upon the following:

Pasquale J. Colavita, Esquire
Law Offices of Pasquale J. Colavita, PC
1026 Winter Street, Suite 300B
Philadelphia, PA 19107
FAX: 215.440.7882
(*Plaintiff's Counsel*)

McDONNELL & ASSOCIATES, PC

Date: 11/20/2014

/s/ Marc R. Kamin
Marc R. Kamin, Esquire
*Attorneys for Defendant*