IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICA YOUNG,<br><br>       *Plaintiff*,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>       *Defendant*. | CIVIL ACTION<br>NO. 14-06692 |

<u>MEMORANDUM</u>

**PAPPERT, J.**                                                                                                    **March 12, 2015**

      On August 11, 2014, Plaintiff Erica Young ("Young") sued Defendant Wal-Mart Stores East, LP ("Wal-Mart") in the Philadelphia Court of Common Pleas over injuries Young allegedly sustained when she slipped and fell in a Philadelphia Wal-Mart store.  Wal-Mart filed preliminary objections to the Complaint, and Young thereafter filed an Amended Complaint on September 9, 2014.  Wal-Mart filed preliminary objections to the Amended Complaint, which Young responded to on September 17, 2014.  Upon the court's denial of the preliminary objections, Wal-Mart answered the Amended Complaint and asserted New Matter, with one assertion being that Young's damages did not exceed $75,000.  On October 28, 2014, Young denied that allegation in her Reply to New Matter.  Wal-Mart then removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. §§ 1441, 1446.  (Def.'s Notice of Removal 1.)  Wal-Mart contends that it first ascertained that the value of the claims exceeded $75,000 when it received Young's Reply to New Matter.  (*Id.* ¶ 31.)  Young has moved for remand.  (Pl.'s Mot. to Remand 1.)  Young does not dispute that the amount in controversy exceeds $75,000, *see* (Pl.'s Arbitration Certification 1, ECF No. 6) (certifying that amount in

controversy exceeds $150,000), nor that complete diversity exists between the parties.  (Pl.'s Mot. to Remand 5-7.)  Young argues rather that Wal-Mart's removal was untimely.

**Discussion:**

Generally, defendants are required to file their notice of removal within thirty days of service of the initial pleading or summons.  28 U.S.C. § 1446(b)(1).  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the defendant is served with an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is removable.  28 U.S.C. § 1446(b)(3).  Information related to the amount in controversy in the record of the state court proceeding, or in responses to discovery, qualifies as "other paper" under § 1446(b)(3).  28 U.S.C. § 1446(c)(3)(A).

Wal-Mart contends that the case was not initially removable because the *ad damnum* clause in both the Complaint and Amended Complaint pled damages "in excess of [$50,000]."  (Compl. 5; Am. Compl. 5.)  Wal-Mart became aware that the amount in controversy was allegedly greater than $75,000 when, in her Reply to New Matter, Young denied that her damages did not exceed $75,000.  (Def.'s Resp. to Mot. to Remand 10.)  In accordance with § 1446(b)(3), Wal-Mart removed the case on November 21, 2014.  (Def.'s Notice of Removal 1.)  Wal-Mart contends that its removal was therefore timely.[1]

Young argues that Wal-Mart was on notice that the amount in controversy exceeded $75,000 from various sources prior to the filing of her Reply to New Matter, which makes Wal-Mart's removal untimely.  Specifically, Young points to the nature and alleged severity of her injuries as pled in her Complaint, Amended Complaint, and Response to Wal-Mart's Preliminary

---

[1] As a record filed in the state court proceeding, Young's Reply to New Matter constitutes "other paper" under § 1446(c)(3)(A).  *See also Bishop v. Sam's East, Inc.,* No. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009) ("Plaintiff's reply to Defendant's new matter, which was filed with the court, clearly constitutes 'other paper.'").

Objections to the Amended Complaint.[2]  (Pl.'s Mem. in Supp. of Mot. to Remand 4-6.)  Young also references "various telephone conferences with Defendant's claims representative" prior to the filing of the Complaint where Young's counsel represented that "the matter was worth in excess of 6 figures."  (*Id*. at 2.)

As an initial matter, counsel's telephonic settlement discussions do not qualify as "other paper" under § 1446(b)(3).  For a communication to constitute "other paper," it must be written; oral communications do not qualify.  *See Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994) (reasoning that the plain language of § 1446(b) requires written notice and that the "statutory requirement of a writing reduces disputes over knowledge of diversity or the amount in controversy and helps avoid later battles of credibility between opposing parties and lawyers.").  Young did send a letter to Wal-Mart's claims representative on October 11, 2013, enclosing some of her hospital records "with the intent of putting forth a settlement demand." (Pl.'s Mot. to Remand. Exs. A-B.)  This correspondence, however, does not include a demand or any monetary figures from which Wal-Mart could reasonably ascertain a demand.  (*Id*.)  Thus, Young's letter did not provide the requisite notice of the amount in controversy.

The Complaint, Amended Complaint, and Plaintiff's Response to Wal-Mart's Preliminary Objections do not contain the requisite notice of the amount in controversy in this case to trigger the thirty-day removal period.  "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."  *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 398 (3d Cir. 2004); *see also Angus v. Shiley, Inc.,* 989 F.2d 142, 145 (3d Cir.1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)).  When a

---

[2]  As a record filed in the state court proceeding, Young's Response to Wal-Mart's Preliminary Objections also constitutes "other paper" under § 1446(c)(3)(A).

complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value to determine if it satisfies the amount in controversy requirement. *Angus,* 989 F.2d at 146. This is measured by "a reasonable reading of the value of the rights being litigated." *Id.* Estimations of the total damage must be realistic, and the inquiry into whether the amount is met "should be objective, and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts." *Samuel-Bassett,* 357 F.3d at 403.

Here, Young alleges substantially the same injuries in both her Complaint and Amended Complaint:

> ERICA YOUNG sustained injuries to the following: left ankle, chest, arms, decreased strength and reduced range of motion of left ankle; total body disability; shock and injury to her nerves, emotional and nervous system, which injuries are of a permanent nature with permanent disabilities and loss of function; together with various other injuries, the exact extent of which are unknown at this time as she continues to consult with specialists to determine the exact extent of the injury and any required treatment.

(Am. Compl. ¶ 7.) Wal-Mart's Preliminary Objections to the Amended Complaint included an objection to Young's allegation of "various other injuries, the exact extent of which are unknown at this time . . ." in the above paragraph as vague and lacking the requisite specificity. (Def.'s Preliminary Objections to Am. Compl. ¶ 8.) In her Response, Young explained:

> Plaintiff had two previous surgeries to her heart and as a result of the stress from the crutches used to assist her in the healing of her ankle injured in the fall, she began to have pain in the area of the previous surgeries. Plaintiff has listed in a concise and summary form that she sustained injuries to the chest, however, due to the fact that Plaintiff is not an expert she has consulted with experts, the reports of which have yet to be completed. Accordingly, although Plaintiff has listed in a concise and summary form that she suffered an injury to her chest, she does not know the exact extent of specific injury, hence the use of the language "various other injuries."

(Pl.'s Resp. to Def.'s Preliminary Objections to Am. Compl. ¶ 8) (emphasis omitted).

The jurisdictional amount is not ascertainable from a reasonable reading of the Complaint, Amended Complaint, and Plaintiff's Response to Wal-Mart's Preliminary Objections. While Young's filings allege apparently serious medical injuries, they do not include any monetary amount of damages other than an open-ended claim for damages in excess of $50,000. (Compl. 5; Am. Compl. 5.) Young does not specify the extent of the physical and financial injuries allegedly sustained, or provide any information about her employment and financial status, actual cost of medical treatment received, amount of earnings lost, or amount of projected future medical treatments or lost wages. Such general and boilerplate allegations were not enough for Wal-Mart to conduct an objective calculation of damages such that it was on notice that the $75,000 amount in controversy requirement had been met.[3]

Other cases from this court analyzing *ad damnum* clauses for damages in excess of $50,000 and injuries almost identical to those alleged here have repeatedly refused to find the jurisdictional amount ascertainable from the face of the filing. For example, in *Brown v. Modell's PA II, Inc.,* No. 08-1528, 2008 WL 2600253 (E.D. Pa. July 1, 2008), Judge Yohn observed that:

> The complaint specifically alleged that as a result of the injuries Mr. Brown sustained while on defendant's property, he had to visit . . . the emergency room, which resulted in a diagnosis that he had "aggravated a lumbar-sacral condition" and required two surgeries to treat. The complaint also alleged that Mr. Brown sustained injuries to his hand and wrist; had multiple bruises and contusions in and about the hand; exacerbated prior and preexisting injuries, which resulted in injury to the muscles, nerves, discs, bones, and ligaments connected thereto; and suffered a shock to the nerves of his right hand and nervous system. The complaint further alleged that as a result of his injuries, Mr. Brown had to "expend various and diverse sums of money for hospitalization, medical treatment, medicines and care"; that he

---

[3] Plaintiff's argument that there is an "insignificant difference" between an allegation for damages for an amount in excess of $50,000 versus an amount in excess of $75,000, (Pl.'s Mot. to Remand ¶ 28), is unpersuasive. The difference is indeed significant; this Court's authority to decide the controversy turns on it. *See* 28 U.S.C. § 1332.

5

>would have to make said expenditures for an indefinite amount of time; and that he had lost wages and would continue to lose wages for an indefinite amount of time. Additionally, Ms. Brown Powell asserted damages for loss of consortium.

2008 WL 2600253, at *2 n.4 (citations omitted). Judge Yohn held that "plaintiffs' complaint included allegations of apparently serious medical injuries, but it did not include any monetary amount of damages other than damages 'in excess of $50,000.' These allegations were not enough for defendant to conduct an objective calculation of damages and did not put defendants on notice that the $75,000 amount in controversy requirement had been met." *Id*. at *2.

Similarly, in *Bishop v. Sam's East, Inc.,* No. 08-4550, 2009 WL 1795316 (E.D. Pa. June 23, 2009), Judge Surrick noted:

>[T]he complaint alleges that Plaintiff "suffered injuries which include but are not limited to, fracture of the right tibial tubercle with a free fragment screw head, injuries to the nerves and nervous system and various other ills and injuries." The complaint further alleges that Plaintiff suffered "mental and physical traumatic anxiety reaction, nervousness and other psychological and emotional disorders," thereby "depriving her of life's pleasures together with great embarrassment and humiliation." As a result of these injuries, the complaint alleges that Plaintiff "has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to effect a cure for the aforesaid injuries." In addition, the complaint alleges that Plaintiff "has and will in the future be unable to attend or perform her usual daily duties" and "will be deprived . . . of earnings and earning capacity."

2009 WL 1795316, at *3 (citations omitted). Again, the court noted that these "general, boilerplate allegations of injury" stood alone and thus were "too vague" to allow defendants to conduct an objective calculation of damages that would have placed them on notice of an amount in controversy in excess of $75,000. *Id*. at *4.

*See also Davis v. Donnelly*, No. 14-6163, 2015 WL 765988, at *4 (E.D. Pa. Feb. 24, 2015) (Kelly, S.J.) (holding that auto accident complaint alleging "severe and permanent"

6

injuries to plaintiff's "head, body and limbs" and demanding damages in excess of $50,000 did not place defendant on notice of amount in controversy); *Alston v. Wal-Mart Stores East, L.P.*, No. 12-3491, 2012 WL 4321973, at *1 (E.D. Pa. Sept. 20, 2012) (Ludwig, J.) (same with regards to slip-and-fall complaint alleging "fracture of the left ankle, cervical sprain and strain, left shoulder strain and sprain, thoracic strain and sprain, lumbar strain and sprain, together with shock and injury to her nerves and nervous system."); *Inaganti v. Columbia Props. Harrisburg LLC,* No. 10-1651, 2010 WL 2136597, at *1 (E.D. Pa. May 25, 2010) (Buckwalter, S.J.) (same with regards to slip-and-fall complaint alleging "multiple severe and permanent orthopedic and neurological injuries."). In all of these cases, the court concluded that without concrete numbers or related facts from which defendant could reasonably calculate the amount in controversy, plaintiffs' mere allegations of their physical injuries were not enough.

This case is indistinguishable from those cited above. Young's filings provide Wal-Mart with only general claims of injuries and a damages demand "in an amount in excess of [$50,000] together with interest, costs, attorney fees and delay damages." (Am. Compl. 5.) Without more concrete information, Wal-Mart was unable to conduct an objective calculation of Young's damages and was not on notice that the $75,000 amount in controversy requirement had been met until October 28, 2014, when it received Young's Reply to New Matter. Wal-Mart's removal of this action on November 21, 2014 was therefore timely and Young's Motion to Remand is denied.

An appropriate Order follows.

                                              */s/ Gerald J. Pappert*
                                              GERALD J. PAPPERT, J